

Akrivis Law Group, PLLC
747 Third Avenue
32nd Floor
New York, New York 10022
+1.646.517.0617
akrivislaw.com

October 25, 2023

<u>Via ECF</u>
The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: Baughman v. Priority Concepts, Inc.
     <u>Case No. 23-cv-5483 (PKC)(RR)</u>

Dear Judge Chen:

  This firm and Cole Schotz P.C. represent Defendant Priority Concepts Inc. We write pursuant to Rule 3(A) of Your Honor's Rules to respectfully request a pre-motion conference to dismiss Plaintiff Zachary Baughman's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Amended Complaint should be dismissed because Plaintiff has failed to allege (1) facts sufficient to show that Priority Concepts is responsible for the alleged conduct and (2) basic facts necessary to establish a claim at all.

I. <u>Background</u>

  On July 19, 2023, Plaintiff filed a Complaint against Priority Concepts alleging a single claim of violation of the Telephone Consumer Protection Act ("TCPA"). In his Complaint, Plaintiff alleged that he received a single unsolicited call from an individual named Kenneth Davis, who stated, in a voicemail, that he was calling on behalf of Unions Refund.

  On September 13, 2023, we filed a pre-motion letter demonstrating Plaintiff had failed to allege facts sufficient to show that Priority Concepts was responsible for the alleged conduct and the basic elements of a TCPA offense. Before the Court could respond to our letter, Plaintiff, in an apparent concession that our arguments were valid, filed a letter stating that it would amend the Complaint, and, on October 4, 2023, filed an Amended Complaint. However, the Amended Complaint fails to correct the issues with the original Complaint, and it should be dismissed.[1]

II. <u>Legal Standard</u>

  To satisfy the standing requirements of Article III of the Constitution, and thus survive a motion pursuant to Rule 12(b)(1), a plaintiff must demonstrate that the asserted injury in fact is fairly traceable to, or caused by, the challenged action of the defendant. *See Friends of the Earth, Inc.*

---

[1] As stated in our September 13, 2023 letter, Priority Concepts does not utilize pre-recorded calls, does not employ Mr. Davis or have any relationship with Unions Refund, and does not own the telephone number from which the allegedly offending call came. Nevertheless, the Amended Complaint still fails to state a claim against Priority Concepts or under the TCPA.

1

*v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000). The alleged conduct cannot be wholly "the result of the independent action of some third party not before the court." *Bennett v. Spear*, 520 U.S. 154, 167 (1997).

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In addressing the sufficiency of a complaint […] [the Court is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013).

III.     Plaintiff Has Failed to Show that Priority Concepts Is Liable for the Alleged Conduct

The Amended Complaint still fails to allege facts giving rise to a plausible inference that Priority Concepts is liable for the call Plaintiff allegedly received. In the Complaint, Plaintiff did not allege that Kenneth Davis, who placed the call, was employed by Priority Concepts or that there is some relationship between Priority Concepts and Unions Refund, the company Mr. Davis said he was calling on behalf of. Plaintiff now claims that Priority Concepts "hides" behind that company, but he provides no facts supporting that conclusion other than that (a) there are no websites associated with "Unions Refund" and no companies named "Unions Refund." Am. Compl. ¶¶ 20-22. Plaintiff fails to offer any reason to believe that the alleged non-existence of Unions Refund translates to Priority Concepts "hiding" behind that name. As a result, Plaintiff still fails to offer any plausible inference that the allegedly offending call was undertaken on behalf of or at the direction of Priority Concepts, which it was not.

The only allegation that connects Priority Concepts to the alleged conduct – that "the [p]hone number 855-795-4222 is owned/operated by Defendant Priority Concepts" – is based on "an investigation conducted by Plaintiff's attorneys." Am. Compl. ¶ 31. This "investigation" was apparently limited to Plaintiff's counsel calling the number given by Mr. Davis and that they spoke with a "live agent." Yet the Amended Complaint does not state that the "live agent" claimed to be employed by or even associated with Priority Concepts. The Amended Complaint then alleges that "the same agent sent an agreement to be signed that clearly indicates the name Priority Concepts," Am. Compl. ¶ 32, but the subsequent email appears to actually be from Priority Concepts' automated website address (i.e. sign@na1.conga-sign.com).[2] These facts are simply insufficient to show that Priority Concepts was responsible for the allegedly offending calls, rather than a third-party not before the Court. Accordingly, Plaintiff's claim should be dismissed pursuant to Rule 12(b)(1) because his Complaint fails to make plausible, non-conclusory allegations connecting Priority Concepts to the alleged conduct.

IV.     Plaintiff Has Failed to Allege Sufficient Facts to Support a Claim Under the TCPA

Plaintiff has also still failed to properly allege a violation of the TCPA. Under the TCPA, it is unlawful to (1) make any call (2) using any automatic telephone dialing system or an artificial

---

[2] This email address comes up as the sender when someone goes to Priority Concepts website and requests an application; it does not belong to any specific Priority Concepts' employee.

or prerecorded voice (3) to any telephone number assigned to a cellular telephone service (4) for which the called party is charged for the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

Here, Plaintiff has failed to make out at least two elements of the claim. First, Plaintiff utterly fails to allege that he was charged for the allegedly offending call. For this reason alone, the Amended Complaint must be dismissed. Second, Plaintiff alleges only that the calls were pre-recorded, but he still provides no plausible basis for that allegation. The Amended Complaint only proffers two additional reasons – neither of which are sufficient – to support this conclusion: the purported similarity of the calls and "3 full seconds of dead silence before background noise can be heard and the recording begins." Am. Compl. ¶ 31.

Once again, Plaintiff alleges that the calls were "pre-recorded," but within his Complaint, many of the messages quoted in the Complaint are, in fact, different. *See, e.g.*, Am. Compl. ¶ 23 (transcribing three different voicemails from Mr. Davis, all of which are different). Even where the language is largely similar, Mr. Davis notes the date at the beginning of each message, *See, e.g.*, Compl. ¶¶ 23-24 ("Today is Friday the ninth"; "Today is Tuesday the 23rd"; "Today is Wednesday the 24th"; "Today is Wednesday the 7th"; "Same as Sarah, except for today's date ('today is Thursday the 8th …')"; "Exact same message, except it said Thursday the 8th"), implying that the message was not pre-recorded but rather a live speaker reading off a script.

In a futile attempt to correct this problem, the Amended Complaint now alleges that there was "3 full seconds of silence" before there was "background noise" when the voicemail began, Am. Compl. ¶ 29, but even this allegation is insufficient. Plaintiff fails to explain how a brief delay is indicative of a pre-recorded call, especially given that pre-recorded calls typically "kick in" immediately after the call is answered or is sent to voicemail. Nor does Plaintiff make any allegations about the characteristics of the call that are the hallmarks of a pre-recorded call: tinniness of the sound, a mechanical voice, an oddly interspliced segment, etc. Accordingly, without some allegations to indicate that the calls were pre-recorded, the Complaint fails to make out a claim under the TCPA. *See Manopla v. Sansone Jr.'s 66 Automall*, No. 17-CV-16522, 2020 WL 1975834, at *2 (D.N.J. Jan. 10, 2020) (dismissing complaint alleging TCPA violations where plaintiff failed to make "allegations regarding the tenor, nature, or circumstances of the alleged calls" to support claim that calls were pre-recorded); *Moore v. CHW Grp., Inc.*, 18-CV-6960, 2019 WL 3216029, at *4 (N.D.Ill. July 17, 2019)("At the very least [plaintiff] is required to plead a layman's explanation for why he believed that the solicitation was pre-recorded.").

For the foregoing reasons, Priority Concepts respectfully requests that a pre-motion conference be scheduled or, alternatively, for leave to file a motion to dismiss. Defendant reserves the right to include additional arguments as research reveals during the course of drafting the motion, including but not limited to a motion to strike the class allegations. We thank the Court for its attention to, and consideration of, the information and request in this submission.

Respectfully submitted,

/s/ Sam Amir Toossi
Sam Amir Toossi