# COLEMAN PLLC

PHONE (877) 333-9427 | FAX (888) 498-8946               NEW YORK | NEW JERSEY | FLORIDA
EMAIL: LAW@STEFANCOLEMAN.COM                            CLASSACTION.WS

<u>*VIA ECF*</u>
November 1, 2023

Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>   Re: *Baughman v. Priority Concepts, Inc.*
>       Case No. 1:23-cv-05483-PKC-RER
>       **Plaintiff's Opposition to Defendant's Letter**

Dear Judge Chen:

The Court should deny Defendant Priority Concepts' request for a pre-motion conference or for leave to file a motion to dismiss. All of the arguments Defendant raises in its letter are meritless. Plaintiff Baughman sufficiently alleges a claim under the Telephone Consumer Protection Act's robocalls provision, 47 U.S.C. § 227(b)(1)(A)(iii).

*First*, with regard to Defendant's prospective direct liability for initiating the TCPA violative call Plaintiff received, Plaintiff alleges that:

- Defendant sells services relating to obtaining a government tax credit (FAC at ¶¶ 14-16);

- To promote its services, Defendant states that it makes telemarketing cold calls to consumers (FAC at ¶¶ 17-18);

- On June 7, 2023, Plaintiff received a telemarketing cold call from a company selling services relating to obtaining a government tax credit (i.e., the services that Defendant provides (FAC at ¶ 27);

- The call resulted in a voicemail that identified the name of a person, the name of a company, and a call back telephone number (FAC at ¶ 27);

- The name of the person and the name of the company in the voicemail Plaintiff received are fake names (FAC at ¶¶ 20-22); and

- The telephone number in the voicemail Plaintiff received is Defendant's telephone number, and when it is called it results in being connected with an employee of

## COLEMAN PLLC

---

Defendant, being pitched Defendant's services, and being sent an email from Defendant (FAC at ¶¶ 31-34).

As a result, Plaintiff sufficiently alleges Defendant's liability for the robocall he received. *See, e.g., Stemke v. Marc Jones Constr., LLC*, No. 5:21-cv-274-30PRL, 2021 U.S. Dist. LEXIS 181916, at *6-7 (M.D. Fla. Sep. 23, 2021) ("The question before the Court at this juncture is whether Plaintiff pleads a valid cause of action, not whether Plaintiff establishes the claim. Sunpro's motion to dismiss goes beyond the pleading to challenge the merits of the alleged facts. Indeed, the crux of Sunpro's motion questions Plaintiff's allegations that Sunpro placed the subject calls. … But a review of the Amended Complaint belies this argument—Plaintiff alleges several times that she or her attorneys confirmed that Sunpro placed the subject calls. Plaintiff even includes the phone numbers and the dates she received the calls. To the extent Sunpro disputes that it directly placed the calls, Sunpro may take discovery on this matter and argue the issue at the dispositive motion stage.").

*Second*, with regard to whether Defendant's call was pre-recorded, Plaintiff alleges facts relating to the tenor, nature, and circumstances of the voicemail he received that reasonably support that inference. Specifically, Plaintiff alleges that the voicemail he received was:

- Generic (i.e., did not identify Plaintiff as the recipient);

- Commercial (i.e., promoted Defendant's services);

- Unsolicited (i.e., Plaintiff never provided his cell phone number to Defendant); and

- Exactly the same voicemail that other consumers received.

(FAC at ¶¶ 27-28). Plaintiff also alleges that the delay between when his answering machine started recording and the message played suggests that it was not a live caller leaving a message. (FAC at ¶ 29). Crediting the authorities Defendant cites in its letter, nothing more is required for the Court to reasonably infer that Defendant's call was prerecorded, and the Court should decline Defendant's invitation to draw inferences to the contrary in its favor at this stage.

*Third*, Defendant blatantly misrepresents the elements of a claim under the TCPA's robocalls provision. It is not necessary for a plaintiff to have been charged for a call if the call is made to a telephone number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A)(iii) ("It shall be unlawful … to make any call … using … an artificial or prerecorded voice … to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call….") Either is sufficient. *See, e.g., Castro v. Green Tree Servicing LLC*, 959 F. Supp. 2d 698, 720-21 (S.D.N.Y. 2013) ("Defendants' argument that their TCPA violations should be excused on the theory that Plaintiffs did not incur any additional cost as a result of the thirty-four calls at issue fails as a matter of statutory construction. Under the 'rule of the last antecedent,' which provides

## COLEMAN PLLC

that, where no contrary intention appears, a limiting clause or phrase should be read as modifying only the noun or phrase that it immediately follows, the Court finds that the phrase 'for which the called party is charged for the call' only modifies 'any service.' As Plaintiffs point out, courts that have addressed this issue have routinely held that a plaintiff need not prove that he was charged for a cellular phone call to state a claim under the TCPA." (cleaned up)). And Plaintiff Baughman alleges that the telephone number he received Defendant's robocall to was a cellular telephone number. FAC at ¶ 26.

The Court should therefore deny Defendant's request in all respects and allow Plaintiff to commence discovery.

Respectfully submitted,

 *s/ Stefan Coleman*
Stefan Coleman, Esq.